UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRAD C. ZAMBRI,

                            Plaintiff,

v.                                                          3:07-CV-0639
                                                                    (NAM/GHL)

SOCIAL SECURITY ADMINISTRATION,

                            Defendant.
_____

APPEARANCES:                          OF COUNSEL:

BRAD C. ZAMBRI
Plaintiff *pro se*
P.O. Box 312
Grand Gorge, New York 12434

HON. GLENN T. SUDDABY              MARIA FRAGASSI SANTANGELO, ESQ.
United States Attorney for the             Special Assistant United States Attorney
 Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

       This matter was referred to the undersigned for report and recommendation by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. Defendant moves to dismiss the Complaint. (Dkt. No. 12.)  Plaintiff opposes the motion.  (Dkt. No. 14.)  Defendant has filed a reply.  (Dkt. No. 15.)  Because I find that Plaintiff did not timely file his Complaint and has not shown a basis for equitable tolling, I recommend that the Motion to Dismiss be granted.

I.     **PROCEDURAL HISTORY**

On August 10, 2005, an Administrative Law Judge issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Herbst Decl. ¶3(a); Ex. to Compl.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on December 2, 2005. *Id*. Plaintiff *pro se* filed his Complaint in this Court on June 15, 2007. (Dkt. No. 1.) Defendant now moves to dismiss.

II.    **DISCUSSION**

Defendant argues that the Complaint should be dismissed because it was not timely filed. (Dkt. No. 12.) Defendant is correct.

A final decision of the Social Security Administration must be appealed to federal district court within 60 days of the claimant's receipt of notice of the decision. 42 U.S.C. § 405(g). A claimant is presumed to receive notice of the final decision within five days of the date of the Appeals Council notice. 20 C.F.R. § 422.210(c) (2007); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir.1984). A claimant may rebut this presumption by making "a reasonable showing" that he or she received the notice later. 20 C.F.R. § 422.210(c) (2007).

If a claimant files his or her complaint more than 60 days after receiving the notice of decision, the failure to file a timely complaint may be excused under the doctrine of equitable tolling. *State of New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir.1990). "The doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart,* 417 F.3d 276, 279 (2d Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). If a claimant fails to timely file his or her complaint and does not demonstrate

that the statute of limitations should be equitably tolled, the complaint is subject to dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Matsibekker*, 738 F.2d at 80.

Here, the Appeals Council notice is dated December 2, 2005. (Herbst Decl. ¶3(a); Ex. to Compl.) Under the Regulations, Plaintiff is presumed to have received the notice on December 7, 2005. 20 C.F.R. 422.210(c) (2007). Plaintiff's opposition to the Motion to Dismiss does not contain any information rebutting that presumption. Having received notice of Defendant's decision on December 7, 2005, Plaintiff was required to file his Complaint within 60 days. Plaintiff, however, waited over 18 months to file his Complaint. (Dkt. No. 1.) Therefore, Plaintiff's Complaint was not timely filed.

Nothing in Plaintiff's opposition shows that equitable tolling should apply. (Dkt. No. 12.) Plaintiff states that:

> I did file within sixty days after receipt of the final decision of the commissioner. The problem is to whom I sent the packet! I did send my rebuttal in a timely manner and I made calls to the Social Security Administration in Baltimore, MD; the Office of Hearing and Appeals in Falls Church, VA; and my local Social Security office in Oneonta, NY (letter attached) trying to locate my file but it has been difficult, almost impossible. It is probably sitting on someone's desk or filed away.
>
> I began making calls to people who knew more about these matters, like courtroom clerks and judicial assistants trying to find the next path to take. From here I moved on again which is why my civil action is now not even remotely timely.

(Dkt. No. 14.)

The letter attached to Plaintiff's opposition is from a claims representative in the Oneonta office of the Social Security Administration dated December 5, 2005. It informed Plaintiff that

the office was

> returning your paperwork (because) a decision was made by the Appeals Council on December 2, 2005. The file will go to the next component and I fear sending this packet to try to catch up would be like sending it down a black hole - it would never catch up with the file. If you are not happy with the AC decision your next step will be outlined in the letter you will receive. You may be able to present this newer information then.

(Dkt. No. 14.) The claims representative's letter indicates that "the packet" to which Plaintiff refers in his opposition to the Motion to Dismiss was *not* his federal lawsuit. Rather, it was a packet of materials intended for the Appeals Council as it reviewed the ALJ's decision. Thus, Plaintiff's attempts to correctly file the packet are irrelevant to the question of whether the time for filing his federal lawsuit should be equitably tolled.

Plaintiff's statements regarding his calls to court employees are similarly unavailing. The mere fact that a party is proceeding *pro se* and is unfamiliar with the legal process does not merit equitable tolling. *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000); *Khan v. United States*, 414 F. Supp. 2d 210, 216-217 (E.D.N.Y. 2006). Accordingly, Plaintiff's Complaint was not timely filed, the statute of limitations should not be equitably tolled, and the Complaint should be dismissed.

**WHEREFORE,** it is hereby

**RECOMMENDED** that the Court dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: January 28, 2008
      Syracuse, New York

George H. Lowe
United States Magistrate Judge